# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | \* |
| **Plaintiff,** | \* |
| v. | Case No.: GJH-19-396 |
| | \* |
| **JOHN DOE,** | |
| *Subscriber IP Address 108.31.177.186,* | \* |
| **Defendant.** | \* |

## MEMORANDUM OPINION

Plaintiff Strike 3 Holdings, LLC ("Plaintiff"), an adult entertainment production company, brings this copyright infringement action against an internet user ("Defendant") currently identified only by his IP address and Internet service provider ("ISP"), Verizon Fios ("Verizon"). ECF No. 1. On April 15, 2019, the Court issued an Order granting Plaintiff's request to serve a pre-discovery subpoena to Verizon under Federal Rule of Civil Procedure 45 in order to identify the subscriber assigned to the IP address. ECF No. 5. On August 8, 2019, Defendant appeared anonymously and *pro se* and moved to quash the subpoena. ECF No. 10. Plaintiff has filed an Opposition to the Motion to Quash, ECF No. 12, and Defendant has not replied. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the following reasons, Plaintiff's Motion to Quash will be denied.

## I. BACKGROUND[1]

According to Plaintiff's Complaint, Plaintiff is the creator and owner of several adult entertainment film brands and operates various websites with large numbers of paid subscribers. ECF No. 1 ¶¶ 2–3, 13–14. Plaintiff "has a major problem with Internet piracy," however, and its films "are among the most pirated content in the world." *Id.* ¶ 16. One means through which Plaintiff's works are transferred without authorization is the Internet distribution mechanism known as BitTorrent, through which individual users connect to the computers of other users to download large files in small pieces that are then reassembled into their original form. *Id.* ¶¶ 17–18. When downloading files using BitTorrent, users also simultaneously upload pieces of files to other users, who may in turn share them with others. *Id.* ¶¶ 17–18.

Plaintiff's Complaint alleges that a person using the IP address 108.31.177.186, who is named in the Complaint as the Defendant, downloaded and distributed Plaintiff's copyrighted films without authorization. *Id.* ¶ 5, 23, 27, 31. Plaintiff discovered Defendant's alleged infringement by retaining an investigative firm, IPP International U.G. ("IPP"), whose agent, Tobias Fieser, established direct internet connections with the IP address while Defendant was using BitTorrent. *Id.* ¶¶ 24; ECF No. 4-2 ¶¶ 7. Fieser then downloaded from Defendant one or more pieces of digital media files containing 24 of Plaintiff's copyrighted films. ECF No. 1 ¶ 25; ECF No. 1-1; ECF No. 4-2 ¶¶ 7. After a full copy of each file was then downloaded, an employee of Plaintiff reviewed the content of the files and confirmed that they contained digital copies of motion pictures that are identical, or strikingly or substantially similar, to Plaintiff's copyrighted works. ECF No. 1 ¶¶ 26, 28; ECF No. 4-4 ¶¶ 7–10. Plaintiff also retained an

---

[1] Unless otherwise stated, these facts are taken from Plaintiff's Complaint, ECF No. 1, an attached exhibit, ECF No. 1-1, or affidavits filed in support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena, ECF No. 4, and are presumed to be true.

additional investigator to review the forensic evidence IPP collected. ECF No. 4-3 ¶¶ 3, 6. The review confirmed that IPP's records accurately recorded a BitTorrent transaction with the IP address 108.31.177.186. *Id.* ¶¶ 7–9. The reviewer, Philip Pasquale, further determined that Verizon is the only entity that can correlate that IP address to the associated subscriber. *Id.* ¶ 10.

Plaintiff filed a Complaint for damages against Defendant on February 9, 2019. ECF No. 1. On February 17, 2019, Plaintiff filed a motion for leave to serve a third party subpoena on Verizon in order to learn the name and address of the subscriber associated with the IP address. ECF No. 4; ECF No. 4 at 5–6.[2] The Court granted the motion on April 16, 2019 in an Order that also functions as a protective order and imposes several procedural requirements on Plaintiff and Verizon. ECF No. 5. First, it provides that Plaintiff may obtain from the Clerk of the Court a subpoena to be served on Verizon and may serve it in accordance with Federal Rule of Civil Procedure 45. *Id.* at 3. It further directs Verizon to delay producing the subpoenaed information to Plaintiff, however, until Verizon provided the subscriber associated with the IP address notice of this action, a copy of the Complaint, the subpoena, and the Order, with notice that Verizon would comply with the subpoena and produce the information within 30 days unless the subscriber moved to quash the subpoena or sought other relief. *Id.* The Order authorizes the subscriber to file such a motion anonymously after providing his or her name and current address to the Clerk of the Court on a confidential *ex parte* basis so that the Court can provide notice of filings to the subscriber. *Id.*

The Order also provides several restrictions on Plaintiff's use of the subscriber's information if and when it is received. *Id.* First, Plaintiff must mark it as "Highly Confidential" and use it only to determine whether it has sufficient information to amend the Complaint to

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

name the subscriber as an individual defendant. *Id.* at 4. Unless otherwise ordered by the Court, Plaintiff and its agents, representatives, and attorneys may not disclose the information received from Verizon to anyone besides the attorneys representing Plaintiff in this action, all of whom must sign an agreement to be bound by the Order before accessing the information. *Id.* Further, any amended complaint naming an individual defendant must redact the individual's name so that it may not be seen on the public docket. *Id.* Finally, unless the subscriber retains counsel, Plaintiff is prohibited from initiating any settlement communications with him or her without Court approval. *Id.* Further, any settlement negotiations must be conducted before a Magistrate Judge designated by the Court and will be subject to confidentiality provisions of this District's Local Rules. *Id.* (citing Loc. R. 607.4 (D. Md.)).

On May 10, 2019, Plaintiff filed an *ex parte* application for an extension of time to serve Defendant until August 13, 2019 because Verizon was not expected to respond to the subpoena, which Plaintiff had issued on or about April 30, 2019, until June 14. ECF No. 8. On August 9, 2019, Defendant, identified by the name John Doe and the IP address that Plaintiff cited in the Complaint, filed a *pro se* motion to quash the subpoena, which Defendant represented had been served on Verizon, notice of which Defendant received on July 11, 2019. ECF No. 10.[3] Plaintiff filed an Opposition to the motion on August 23, 2019. ECF No. 12.

## II.  DISCUSSION

"Under Federal Rule of Civil Procedure 45, a subpoena may be quashed if it (1) fails to allow a reasonable time to comply, (2) requires a person to comply beyond certain geographical limits, (3) requires disclosure of privileged or other protected matter, or (4) subjects a person to undue burden." *Malibu Media, LLC v. Doe*, No. TDC-15-1042, 2016 WL 593502, at *1 (D. Md.

---

[3] Though the Motion is styled "Motion to Dismiss And/Or Motion to Quash Subpoena," the body of the filing does not mention or request dismissal. ECF No. 10. The Court accordingly treats it simply as a motion to quash.

Feb. 12, 2016). Defendant raises four grounds for the motion to quash, none of which expressly relate to Rule 45. The Court considers each in turn.

Defendant first argues that "[t]he information requested is personal and Defendant John Doe has reasonable expectation of privacy [sic] of personal information he provides to a privately owned company for services provided." ECF No. 10 ¶ 7. This argument lacks merit because a defendant has no reasonable expectation of privacy "in his . . . Internet subscriber records, including 'his name, email address, telephone number, and physical address.'" *United States v. Graham*, 824 F.3d 421, 432 (4th Cir. 2016) (quoting *United States v. Bynum*, 604 F.3d 161, 164 (4th Cir. 2010)), *abrogated on other grounds by Carpenter v. United States*, 138 S. Ct. 2206 (2018)). "[C]ourts have consistently held that Internet subscribers do not have a protected privacy interest in their subscriber information—including names, addresses, phone numbers, and e-mail address—which they have already conveyed to their ISPs." *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 555–56 (D. Md. 2012)). Because Defendant has "already shared" his "personal identifying information" with his ISP, he has "no reasonable expectation of privacy in this same information now subpoenaed" by Plaintiff.[4] *Id.* at 556; *see also Nucorp, Ltd. v. Doe 1*, No. DKC 12-0089, 2012 WL 1744470, at *2 (D. Md. May 14, 2012); *Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *5–*6 (D. Conn. Nov. 1, 2017).

Defendant next makes two related arguments: that Plaintiff is not entitled to his personal information based solely on IP addresses associated with BitTorrent downloads; and that because there is no identifiable link between him and the alleged infringement, the benefit of releasing his private information is outweighed by the potential for unwarranted harm and embarrassment

---

[4] The Court notes that it uses male pronouns to refer to Defendant because Defendant does so in the motion to quash.

given the nature of the materials at issue. ECF No. 10 ¶¶ 8–9. These arguments are essentially denials of liability. Such arguments "fall outside the scope of a Motion to Quash and are therefore unpersuasive." *Malibu Media, LLC v. Doe*, No. GJH-16-655, 2016 WL 7235662, at *2 (D. Md. Dec. 13, 2016). As this Court has explained in a similar case:

> It is well established, "that such general denials of liability cannot serve as a basis for quashing a subpoena." *Third Degree Films, Inc. v. Does 1–108*, No. CIV.A. DKC 11-3007, 2012 WL 669055, at *3 (D. Md. Feb. 28, 2012) (quoting *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011)). If the Court were to quash the subpoena on this basis, it would "allow a subscriber to prevent [a plaintiff] from pursuing a potentially valid claim simply by denying liability." *Malibu Media, LLC v. Doe*, No. CIV.A. MJG-14-0747, 2014 WL 7190812, at *2 (D. Md. Dec. 16, 2014).

*Id*. Incidentally, even if arguments about the sufficiency of Plaintiff's allegations were properly to raise at this stage, "it takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address." *Patrick Collins, Inc. v. Osburn*, No. PWG-12-1294, 2014 WL 1602010, at *4 (D. Md. Apr. 28, 2014).

Defendant finally argues that Plaintiff obtaining the information sought from Verizon "will serve no legitimate purpose other than to subject John Doe to further contact and harassment for an unmerited settlement." ECF No. 10 ¶ 10. This argument is unpersuasive because the subpoena plainly has the legitimate purpose of "identify[ing] the proper defendant" for this action, which is information that "cannot be obtained from a more convenient source." *Malibu Media, LLC v. Doe*, 2014 WL 7190812, at *2. Moreover, the Court's Order granting Plaintiff's request to serve a pre-discovery subpoena to Verizon specifically contemplates and addresses Defendant's concerns about coercive settlement negotiations. ECF No. 4 at 5. To help avoid precisely the issue Defendant raises, the Order prohibits Defendant from initiating

settlement communications with Defendant without Court approval unless Defendant retains counsel. *Id.* And the Order requires that any settlement negotiations be conducted before a Magistrate Judge and be subject to Local Rule 607.4, which mandates confidentiality of the Court's Alternative Dispute Resolution process. *Id.* (citing Loc. R. 607.4 (D. Md.)).

Defendant's final argument is therefore without merit. Because Defendant has raised no persuasive grounds under Rule 45 to quash the subpoena, his Motion to Quash will be denied. Additionally, because Defendant has not opposed Plaintiff's Motion for Extension of Time, ECF No. 8, and seeing no other grounds not to permit the extension, the Court will grant the motion. *See Malibu Media, LLC v. Doe*, No. GJH-15-2918, 2016 WL 1562903, at *3 (D. Md. Apr. 18, 2016).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Extension of Time, ECF No. 8, is granted, and Defendant's Motion to Dismiss And/Or Motion to Quash Subpoena, ECF No. 10, is denied. A separate Order shall issue.


Date: <u>February 25 , 2020</u>                     __/s/_____
                                                                          GEORGE J. HAZEL
                                                                          United States District Judge